UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2009 APR 13 A 11: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO.

JARIS

09 1056
Mag Judge Bowler

|  |  |
|---|---|
| John Doe and Jane Doe ) | |
| ) | |
| Plaintiffs, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | |
| Dracut Public Schools, ) | |
| ) | |
| Defendant. ) | |

## I. PRELIMINARY STATEMENT

1. John Doe ("John" or "Student") and his mother, Jane Doe ("Parent"), prevailed in a due process hearing before the Bureau of Special Education Appeals ("BSEA"), challenging the failure of Dracut Public Schools to provide John with appropriate transition-age special education services. The Student and Parent now bring this action seeking reasonable attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C.§1400 *et. seq.*

## II. JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. §1415(i)(3)(A).

## III. PARTIES

3. Plaintiff John Doe is a nineteen year-old student to whom the BSEA Hearing Officer awarded extended special education eligibility for the purpose of receiving two years of additional transition-age services. He resides with his mother, Plaintiff Jane Doe, in Dracut,

Massachusetts. He is his own guardian, but has delegated educational decision making authority to his mother in accordance with the federal and state special education regulations. *See*, 34 C.F.R. 300.520(b); 603 C.M.R. 28.07(5)(c).

4. Defendant Dracut Public Schools is established under laws of the Commonwealth of Massachusetts and is a public corporation with the capacity to be sued. It receives federal funds from the United States Department of Education pursuant to the IDEA, 20 U.S.C. § 1400 *et. seq.*, and is required to provide special education services which assure a free and appropriate public education for all students with disabilities who are eligible for special education and who reside within the school district.

## IV. STATEMENT OF FACTS

5. John's mother disagreed with the school district for years over the scope and content of appropriate transition-age services for her son as a component of his education plan. In the spring of 2008, Parent and Student retained the Disability Law Center (DLC) to represent John.

6. After negotiations between DLC and Dracut Public Schools did not resolve the areas of disagreement, DLC requested a hearing before the BSEA on May 29, 2008.

7. The BSEA hearing took place on December 11, 2008, January 22, 2009, and February 2, 2009.

8. Hearing Officer William Crane issued a decision on March 13, 2009 which afforded Plaintiffs substantially all the relief that the family sought.

9. Hearing Officer Crane ordered Dracut Public Schools to provide Student with extended special education eligibility, to provide two years of additional transition services, and to develop a new transition plan consistent with the recommendations of Student's expert witnesses.

## V. CAUSE OF ACTION

10. Plaintiffs re-allege paragraphs 1 through 9 above and incorporate the same as if fully set forth herein.

11. Plaintiffs are the prevailing party within the meaning of the IDEA, 20 U.S.C. §1415(i)(3)(B), and as such are entitled to an award of reasonable attorneys' fees and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a) that this Court take jurisdiction of this matter;

b) that this Court make a determination that Student was prevailing party for purposes of an award of attorneys' fees;

c) that this Court award plaintiffs' counsel reasonable attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act; and

d) that this Court award such other and further relief as it deems proper.

Respectfully submitted,
John and Jane Doe, Plaintiffs
By their attorneys,

Date: April 13, 2009

*Janine A. Solomon*

Janine A. Solomon
BBO # 567964
Pamela J. Coveney
BBO # 102780
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
(617) 723-8455